UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY, AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS and THE HIGHWAY, ROAD AND STREET CONSTRUCTION LABORERS LOCAL UNION 1010,<br><br>Plaintiffs,<br><br>-against-<br><br>NAMOW, INC. and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants. | 15 Civ. 6640 (MKB)(SMG)<br><br>**SETTLEMENT AGREEMENT** |

**IT IS HEREBY STIPULATED AND AGREED** by and between the Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds" and/or "Plaintiffs"), and Defendants Namow, Inc. (the "Defendant") that the claims of the Plaintiffs in the above-captioned action are settled upon the following terms and conditions:

1. Defendant Namow shall pay Plaintiffs the sum of $196,677.54 (the "Settlement Amount") plus amortized interest in the amount of $9,893.22 in accordance with the following schedule: (1) $17,214.23 per month on or before the fifteenth day of each month beginning on February 15, 2016 and ending on January 15, 2017.

2. All payments to the Funds shall be by check made payable to "Pavers and Road Builders Combined Benefit Fund Account" and shall be sent to: Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York 10004, Attn: Charles R. Virginia, Esq., in time to be received by the due date, unless Plaintiffs shall have notified Defendant in writing of another address to which payments are to be sent or another addressee to whom payments are to be sent.

1

3. Immediately upon execution of this Settlement Agreement, the parties shall sign and file with the Court a Consent Judgment in the form annexed hereto as Exhibit A.

4. Defendant Namow shall be in default if it fails to make when due: (1) any payment under paragraph 2 of this Settlement Agreement; or (2) any required contribution or other payment to Plaintiffs that become due and owing during the duration of this Settlement Agreement. Plaintiffs or their authorized agent shall mail via certified mail, return receipt requested or deliver a notice of such default addressed to: Maria Nubile, Namow, Inc. 84-22 Grand Avenue, Elmhurst, New York 11373, unless Defendant Namow shall have notified Plaintiffs in writing of another address for the giving of such notice. Such default may be cured by making payment of the delinquent installment or performing the obligation within five (5) business days of receipt of Plaintiffs' notice of default. Any such notice shall be deemed received five (5) days after it is mailed.

5. In the event any default is not cured in accordance with the terms of paragraph 4 herein, (1) the full unpaid balance of the Settlement Amount shall be accelerated and become immediately payable; and (2) Namow shall also be liable for liquidated damages of $35,981.32, representing twenty-percent (20%) of the delinquent contributions at the time of the filing of this Settlement Agreement.

6. Plaintiffs retain the right to conduct a payroll audit of the books and records of Defendant Namow to verify the accuracy of the amounts owed. In the event that such a payroll audit reveals amounts due and owing in addition to those set forth herein, Plaintiffs reserve the right to pursue recovery of said amounts notwithstanding this settlement and nothing set forth herein shall serve to extinguish or limit the rights otherwise possessed by, and available to, Plaintiffs for recovering additional delinquent contributions discovered after consummation of

this settlement. Failure to fully cooperate in the scheduling and performance of a payroll audit will constitute a default under this Settlement Agreement.

7. The Parties represent and acknowledge that in executing this Settlement Agreement they do not rely and have not relied upon any representation or statement made by the other party, its agent(s), representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this written Settlement Agreement.

8. A party's failure to exercise, or delay in exercising, a right under this Settlement Agreement shall not be deemed to constitute a waiver by that party of that right or any of its other rights under this Settlement Agreement.

9. This Settlement Agreement is binding upon, and shall inure to the benefit of, all parties hereto and their respective officers, directors, stockholders, joint venture partners, affiliates, subsidiaries, predecessors, heirs, executors, administrators, successors, and assigns.

10. This Settlement Agreement supersedes all prior agreements and understandings between the parties and constitutes the entire agreement of the parties with respect to the subject matter hereof. No provision of this Settlement Agreement may be modified, amended, extended, discharged, terminated, or waived except by a writing specifically referring to this Settlement Agreement that is signed by all of the parties hereto and so ordered by the Court.

11. None of the provisions of this Settlement Agreement, nor evidence of any negotiations in pursuance of the compromise and settlement memorialized herein, shall be offered or received in evidence in any action or proceeding as an admission or concession of liability or lack thereof, or for any other purpose whatsoever, except to enforce the terms and provisions of this Settlement Agreement.

3

12. Jurisdiction is retained solely to enforce compliance with the terms of this Settlement Agreement and the accompanying Consent Judgment.

13. This Settlement Agreement may be executed in counterparts and/or by facsimile transmission.

PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS

By: *[signature]*
Name: Keith Loscalzo
Title: Trustee

NAMOW, INC.

By: *[signature]*
Name: Joseph Hassoune
Title: Sr. Manager

4